UNITED STATES of America,
Appellee,

v.

Jose BERNAL–IBANOS, Defendant–Appellant.

No. 06–5872–cr.

United States Court of Appeals,
Second Circuit.

Feb. 22, 2008.

Peter J. Tomao, Garden City, NY, for Appellant.

Allen L. Bode, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief, Emily Berger, of counsel), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. SONIA SOTOMAYOR and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Jose Bernal–Ibanos appeals from an amended judgment entered by the United States District Court for the Eastern District of New York (Feuerstein, *J.*) on December 12, 2006, re-sentencing him principally to 96 months' imprisonment. Bernal–Ibanos was convicted, after a guilty plea, of illegally reentering the United States, in violation of 8 U.S.C. § 1326. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

■ The 96–month prison sentence exceeds the advisory Guidelines range of 33 to 41 months. Bernal–Ibanos challenges his sentence as substantively unreasonable, chiefly on the ground that it violates the parsimony clause, which requires that a district court impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). We review a sentence for reasonableness using "the deferential abuse-of-discretion standard of review that applies to all sentencing decisions." *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 598, 169 L.Ed.2d 445 (2007). That this Court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.* at 597.

After each of his three previous deportations, Bernal–Ibanos illegally reentered the United States to commit more crimes. His most recent deportation was on January 15, 2002. Only six months later, Bernal–Ibanos and three co-conspirators were caught attempting to rob—at gunpoint—a jewelry store worker of $400,000 worth of merchandise. During their arrest, one of Bernal–Ibanos's co-conspirators stabbed an off-duty police officer. The circumstances do not remotely suggest that the district court abused its discretion in sentencing Bernal–Ibanos to a 96–month prison term.

■ Bernal–Ibanos also argues that the sentencing court erred in failing to justify the sentence imposed, as required by 18 U.S.C. § 3553(c). Sentencing entails a two-step procedure. First, the district court must determine the applicable Guidelines range; second, the court must consider that range, along with the other factors listed in 18 U.S.C. § 3553(a), and then "make an individualized assessment [of the defendant] based on the facts presented." *Id.* at 596–97. The record reflects that the sentencing court followed this procedure, gave thoughtful consideration to all of the § 3553(a) factors, and provided a "justification ... sufficiently compelling to support the degree of the variance" from the advisory Guidelines range. *Id.* at 597. Judge Feuerstein explained that the additional deterrence of an above-Guidelines sentence was necessary due to Bernal–Ibanos's "repeated reentry into the country and his repeated criminal activity, including crimes involving violence." That explanation satisfies

the sentencing court's obligation to state the reasons for imposing a particular sentence "in open court." 18 U.S.C. § 3553(c).

We have considered Bernal–Ibanos's remaining arguments and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**